IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KI KADEN,

       Plaintiff,

vs.

No. 05 C 2212

FIRST COMMONWEALTH INSURANCE
COMPANY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Before the court are a motion by the plaintiff to remand this action to the state court, and defendant's motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can be granted. Both motions implicate the displacement and preemption provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a) and 1144(a). For the reasons stated below, I deny the motion to remand and grant in part the motion to dismiss.

Ki Kaden ("plaintiff") originally filed his complaint in the Circuit Court of Cook County, Illinois by Ki Kaden. The action was removed to this court by First Commonwealth Insurance Company ("defendant") pursuant to Title 28 U.S.C. §§ 1441 and 1446. The complaint, when construed in light of an exhibit attached to it, alleges as follows. Plaintiff subscribed to a Dental HMO Plan ("Plan") through his employer. The Plan is underwritten,

administered and sold by defendant. Plaintiff alleges that he purchased the Plan because it purported to offer savings of 80 percent (in effect, a 20 percent co-pay) on certain dental services. Defendant's brochure represented that members of the HMO would receive discounts from participating dentists who had agreed to accept payment of 20 percent of dental charges common in the member's community for certain enumerated services. Relying on that representation, plaintiff selected Dr. Michael Schwartz from the list of participating dentists and had three fillings performed. Dr. Schwartz charged plaintiff $73.00 per filling. Plaintiff assumed that the amount charged was 20 percent of Dr. Schwartz's normal and customary charge. Subsequently he learned that the $73.00 charge was merely a negotiated discount of approximately 33 percent from Dr. Schwartz's customary charge of $110.00 per filling, and that the discount was given in exchange for a payment by defendant of $2.00 for each HMO patient Dr. Schwartz treated in a given month. Plaintiff asks to represent a class of all persons similarly situated and seeks damages and other relief on behalf of himself and other class members for violation of the Illinois Consumer Fraud Act (735 ILCS § 5/2-801 et seq.), common law fraud, and breach of contract.

## I. THE MOTION TO REMAND

> The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions (citation omitted), which are intended to ensure that

employee benefit plan regulation would be "exclusively a federal concern."

*Aetna Health, Inc. v. Davila*, 124 S.Ct. 2488, 2495 (2004). See also *Metropolitan Life Ins. Co. v Taylor*, 481 U.S. 58, 62-63 (1987).

Title 29 U.S.C. § 1132(a) sets forth the types of remedies available in the district courts to beneficiaries or members of a plan regulated under ERISA by the Secretary of Labor. The remedies include the recovery of benefits owing, the enforcement of rights under the terms of a plan, or clarification of rights to future benefits under the terms of a plan. Section 1144(a) states that "the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003 of this title. . . " Subject only to an exception not relevant here, for state laws regulating insurance,, the phrase "relates to" as used in this provision is given its broadest common meaning. A state law relates to a benefit plan "in the normal sense of the phrase" if it has a connection with or reference to reach a plan. *Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 47 (1987).

Plaintiff, citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987), argues the well-pleaded complaint rule, which holds that a complaint may not be removed from the State court to a district court on the basis of a federal defense, including the defense of preemption, if it is properly pleaded under State law. *Caterpillar* is distinguishable because the statute relied upon by the proponent

3

of preemption there was the National Labor Relations Act. Plaintiff's contention fails to take into account binding Supreme Court and Seventh Circuit authority. Plaintiff also cites *Metropolitan Life, supra*, in support of application of the well-pleaded complaint rule but ignores the clear teaching of that precedent as further clarified in *Aetna Health, Inc. v. Davila*, 124 S. Ct. 2488, 2495 (2004). *Aetna* relies on the rule laid down in *Metropolitan Life*. *Aetna* declares that it was the intent of Congress in enacting ERISA "(t)o provide a uniform regulatory regime over employee benefit plans", and that, "(T)herefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent . . . is therefore pre-empted." Id. *Aetna* also holds that ERISA's civil enforcement mechanism is one of those provisions "with such 'extra-ordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Aetna*, 124 S.Ct. at 2496, (quoting from *Metropolitan Life, supra*). See also *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996)(malpractice claim against a physician and vicarious liability claim against insurer acting as administrator of a covered plan)("(f)ederal subject matter jurisdiction exists if the complaint concerns an area of law 'completely preempted' by federal law, even if the complaint does

not mention a federal basis for jurisdiction."). It does not matter whether or not the state law in question was specifically designed to affect plans regulated under ERISA; it is still preempted if it has an effect upon a plan subject to ERISA. *Ingersoll-Rand Company v. McClendon*, 498 U.S. 133, 139 (1990).

The elements that a defendant must show in order to establish a basis for removal of an action that relates to ERISA are: (1) that the plaintiff is a participant or beneficiary of a plan regulated under ERISA (a fact which defendant does not dispute); (2) that plaintiff's claim falls within the scope of an ERISA provision that plaintiff can enforce; and (3) that his claim is one to recover benefits under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. Title 29 U.S.C. § 1132(a). Federal subject matter jurisdiction exists if the complaint concerns an area of law "completely preempted" by federal law, even if the complaint does not mention a federal basis of jurisdiction. *Jass, supra*, 88 F.3d at 1487.

Plaintiff's claims here falls within all three requirements of *Jass*, and thus are subject to removal. Under 29 U.S.C. § 1132(a), a participant in an ERISA-regulated plan has the right to recover benefits due to him under the terms of his plan. Artful pleading cannot disguise the true nature of the claims. The operative facts alleged here are that plaintiff was promised a benefit under his

5

employer's plan which was incorrectly described, that plaintiff bought into the dental plan in reliance on the misrepresentation and, as a result, suffered pecuniary loss. ERISA provides a remedy for that claim. It does not matter that the remedies offered by ERISA are not as far-reaching as those offered by state law. The federal remedies reflect a congressional choice that I must enforce. *Metropolitan Life, supra*, 418 U.S. 58, 64.

Thus, authoritative precedent requires that I recharacterize each of plaintiff's claims as one to recover benefits due him under the Plan. See *Anderson v. Humana, Inc.*, 24 F.3d 889, 891 (7th Cir. 1994)(claim pleaded under the Illinois Consumer Fraud Act subject to removal) ("[a] claim that the literature distributed as part of the plan's administration is incorrect, or that employees were fraudulently induced to pick one option under a plan rather than another, lies comfortably within the zone of federal control."); *Reilly v. Blue Cross & Blue Shield United of Wis.*, 846 F.2d 416, 426 (7th Cir. 1988)(fraud claim preempted by ERISA); *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 61 (1987)(contract claim preempted by ERISA).

I therefore deny the motion to remand.

## II. THE MOTION TO DISMISS

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true. *Turner/Ozanne v. Hyman/Power*, 113 F.3d 1312, 1319 (7th Cir. 1997), and grant the motion only if the

plaintiff can prove no set of facts to support the allegations in his claim. *Strasberger v. Bd. Of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998).

For the reasons stated above in connection with the motion to remand, I agree that plaintiff has failed to state a claim upon which relief can be granted. None of his specifically pleaded claims contains an allegations as to federal jurisdiction, and all arise under state laws which have been preempted by ERISA and are, therefore, not viable. However, I do not agree with defendant's contention that the complaint must be dismissed with prejudice. The very reasons that dictated denial of the remand motion also indicate that plaintiff may well be entitled to state a claim under ERISA. Whether he wishes to pursue an ERISA remedy is within his province to decide. See *McDonald v. Household International, Inc.*, No. 04-3529, 2005 WL 2387498, at*6 (7th Cir. September 29, 2005).

I grant the motion to dismiss. Plaintiff is granted leave to file an amended complaint within 20 days of the entry of this memorandum opinion and order.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: October 14, 2005