IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KI KADEN,             )
                      )
        Plaintiff,    )
                      )
   v.                 )  No. 05 C 2212
                      )
FIRST COMMONWEALTH INSURANCE )
COMPANY,              )
                      )
        Defendant.    )

**MEMORANDUM OPINION AND ORDER**

Before me is a motion brought by defendant First Commonwealth Insurance Company ("First Commonwealth") pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff Ki Kaden's ("Kaden") amended complaint. Kaden's amended complaint, brought as a putative class action, alleges that First Commonwealth deceived participants and potential participants about the actual benefits of its Plan 3000 Dental HMO plan ("Plan 3000"). That plan does not require the submission of claims to the HMO. Instead, plan participants pay premiums to First Commonwealth and pay their dentists directly for any services they receive. The payments to their dentists, however, are purportedly at a discount of typical prices for such services.

Kaden is a participant in Plan 3000. He alleges that First Commonwealth advertises its plan through documents such as a brochure attached to Kaden's complaint, which states that the plan

provides dental benefits based on a fee schedule.[1] That fee schedule sets coverage amounts at various percentages of the "dental charges common in [the participant's] community."[2] Basic services such as fillings and root canals, for instance, are covered at 80% of customary charges, so that the beneficiary only pays 20% of customary charges. Kaden alleges that he discovered that the "discount" he received from his own dentist was far smaller than the 80% discount he believed he would receive.[3] He therefore brings this complaint seeking a return of the premiums he paid to First Commonwealth or, in the alternative, the difference between what he paid for dental services and what he should have paid if he had actually received an 80% discount.

Kaden originally filed a complaint against First Commonwealth in Illinois state court bringing a claim under the Illinois Consumer Fraud and Deceptive Practices Act, 815 Ill. Comp. Stat. 505/1 et seq. and common law fraud and breach of contract claims. Defendant removed that complaint to federal court and filed a

---

[1] Kaden's complaint identifies this document as a "benefit summary" and contends it is the Plan 3000's summary plan description.

[2] The complaint does not provide a copy of this fee schedule, but the language it quotes from the plan brochure does note that the dental charges upon which the fee schedule is based may vary from "your participating Dental Network dentist's customary charges."

[3] He alleges, for instance, that he was charged $73.00 per filling as his discounted rate under the Plan 3000, whereas his dentist customarily charged $110.00 per filling.

simultaneous motion to dismiss on the grounds that the claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. 93-406, 29 U.S.C.A. § 1001 et seq (2005). This court denied plaintiff's motion to remand and granted defendant's motion to dismiss, finding that plaintiff's state law claims were preempted by ERISA. Plaintiff then filed this amended complaint alleging additional facts and bringing four new claims: breach of contract, promissory estoppel, fraudulent misrepresentation, and negligent misrepresentation. These claims are brought under ERISA and "the principles of federal common law developed thereunder." The key additional allegation that plaintiff makes is that he and other putative class members relied on defendant's representations about the Plan 3000 in deciding to enroll in the plan. In response to this amended complaint, defendant filed its motion to dismiss. For the reasons set forth below, I grant that motion in part and deny it in part.

I.

In assessing defendant's motion to dismiss, I must accept all well-pleaded facts in Mr. Kaden's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to the plaintiff. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal is proper only if the plaintiff can prove no set of facts to support his claim. *First*

*Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

My review is limited to the pleadings on file, so I must exclude from my analysis any factual assertions either party has made in their filings related to the motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996). In its reply in support of its motion to dismiss, First Commonwealth has attached exhibits purporting to be a "Group Master Contract" and a "Subscription Certificate and Evidence of Coverage" which it claims provide additional Plan 3000 terms. When a judge considers documents outside of the complaint, she normally must convert the defendant's 12(b)(6) motion to a motion for summary judgment under Federal Rule of Civil Procedure 56. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). But see *Berthold Types, Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 775 (7th Cir. 2001) (holding that there is no requirement that the court actually consider documents outside of the complaint). Here the plaintiff references the terms of the Plan 3000 in its complaint without attaching a copy of any plan documents other than the brochure, and the terms of the plan are clearly central to

plaintiff's ERISA claims. For this reason, I will consider these documents in ruling on defendant's motion to dismiss, and such consideration does not convert this motion to a motion for summary judgment.

II.

First Commonwealth argues that Kaden's complaint does not state causes of action under ERISA, particularly the causes identified as promissory estoppel and negligent misrepresentation. Second, defendant argues that plaintiff's complaint is barred by the statute of limitations. Third, defendant argues that Kaden has failed to exhaust his administrative remedies.

Kaden has stated a cause of action under ERISA. Kaden is correct that federal notice pleading does not require him to plead a particular legal theory, but rather "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). "[A] complaint need not identify a legal theory, and specifying an incorrect theory is not fatal." *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1079 (7th Cir. 1992). Rather, the question is whether "relief is possible under any set of facts that could be established consistent with the allegations." *Id.* at 1078 (citations omitted).

Taking the facts as alleged in his complaint as true, Kaden alleges that he and other members of the Plan 3000 were promised a benefit, in this case a particular percentage discount from the

dental charges common in their community. He alleges that he did not receive this benefit. First Commonwealth, the plan administrator for the Plan 3000, had a duty to provide those benefits. ERISA gives plan beneficiaries such as Kaden a cause of action to recover benefits due to them under the terms of the plan. 29 U.S.C.A. § 1132(a)(1)(B). Count I of Kaden's complaint is styled as an "ERISA – Breach of Contract" count, but given Kaden's factual allegations it can be construed as a claim under ERISA for recovery of benefits pursuant to 29 U.S.C.A. § 1132(a)(1)(B). *See McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 429 (7th Cir. 2005) (finding that a complaint alleging that a plaintiff was denied benefits due to him under his benefit plan stated a claim under ERISA).

Count II of Kaden's complaint is styled as an "ERISA – Promissory Estoppel" count and alleges that the summary plan description of the Plan 3000 represented that the plaintiff would receive certain benefits which he did not receive. This is an alternative pleading which alleges that, assuming that the Plan 3000 did not actually provide the percentage discounts to which Kaden believes he is entitled, defendant represented to Kaden that this was the case. For this reason, Kaden alleges defendant should be estopped from denying those benefits. Although there are various ways that claimants have referenced estoppel claims under ERISA (as "equitable estoppel" or "promissory estoppel" claims)

6

estoppel causes of action under ERISA, no matter the specific terminology, have four elements: (1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to his detriment." *Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 585 (7th Cir. 1999). Here, Kaden has adequately pled these elements, and has stated a claim for estoppel.[4]

### III.

In addition to these claims, however, Kaden's complaint also raises a different set of factual allegations which are not cognizable under ERISA. Count IV of Kaden's complaint (ERISA – Negligent Misrepresentation) does not state a claim under ERISA because misrepresentations must be knowing in order to estop an ERISA plan administrator from providing coverage. *Id.* at 585-586. *See also Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 649 (7th Cir. 1993) ("To the extent that the common law will sometimes hold parties to the terms of a misleading representation for no reason other than the circumstance that such a misleading representation was made, such is not the common law of ERISA in this Circuit.").[5]

---

[4] Count III of the complaint (ERISA – Fraudulent Misrepresentation) is duplicative of Kaden's estoppel and denial of benefits claims. It alleges that the defendant fraudulently represented that the plan provided benefits at certain rates and then failed to provide plaintiff those benefits.

[5] Under Illinois law, negligent misrepresentation claims for purely economic damages may only be brought against parties that are in the business of supplying information for the guidance of

7

IV.

Defendant also argues that plaintiff's claims are outside the statute of limitations, and that plaintiff has failed to exhaust its administrative remedies and the Plan 3000's internal requirements for bringing a legal action. Defendant's argument concerning the statute of limitations is without merit. As plaintiff points out, the Seventh Circuit treats ERISA claims as based in contract, and therefore provides a statute of limitation of 10 years. *See, e.g., Lumpkin v. Envirodyne Indus., Inc.*, 933 F.2d. 449, 454 (7th Cir. 1991); 735 Ill. Comp. Stat. 5/13-206.[6] Plaintiff's claims are within the statute of limitations.

Defendant's claims concerning administrative remedies and the Plan 3000's internal requirements are more complicated. Plaintiff alleges that the Plan 3000 contains no administrative remedy that Plaintiff had to exhaust because the Plan contains no administrative requirements for approving or denying claims. According to Kaden's complaint, the Plan had no administrative remedies for the Plaintiff to consult. Plaintiff further argues

---

others in their business transactions. *First Midwest Bank v. Stewart Title Guar. Co.*, 218 Ill.2d 326, 332, 843 N.E.2d 327, 332 (Ill. 2006) (citations omitted). Since First Commonwealth is not in the business of supplying information (but rather, is in the business of providing medical coverage plans), Kaden would not have a cause of action against First Commonwealth for negligent misrepresentation under Illinois state law, either.

[6]Although defendant initially contested this point, it appears to concede it in its reply.

that the summary plan description makes no reference to administrative remedies, as required by 29 U.S.C. § 1022(b), so plaintiff had no knowledge of any applicable administrative remedies.[7]

Attached to defendant's reply in support of its motion is a copy of the Plan 3000's "Subscription Certificate and Evidence of Coverage," which defendant contends is the members' coverage certificate and describes the dental benefits provided under the plan. This document describes a procedure for claims resolution of all grievances, not merely a procedure to appeal denials of claims. The document also requires participants to give sixty days notice to First Commonwealth of any legal action. However, neither this grievance procedure nor the notice of claims provision appear in the summary plan description attached to plaintiff's complaint. The summary plan description gives a telephone number for participants to call with "questions" but this is too vague to constitute notice of an administrative remedy. The Seventh Circuit has previously suggested that a plan administrator must comply with the notice requirements of § 1022 in order for a plan participant

---

[7]It is unclear whether the document attached to plaintiff's complaint is the summary plan description required by § 1022(b) – indeed, if it is intended to be the summary plan description it is deficient in numerous respects. Defendant does not argue that it is not, however, and does not contend that either of the documents attached to its reply are the true summary plan description. For purposes of this motion to dismiss, since plaintiff alleges that its exhibit is the summary plan description the court will assume this is true.

9

to have "meaningful access to claims procedures." *See Ames v. Am. Nat. Can Co.*, 170 F.3d 751, 756-57 (7th Cir. 1999); *Gallegos v. Mt. Sinai Med. Ctr.*, 210 F.3d 803, 809-10 (7th Cir. 2000). Meaningful access to claims procedures is required in order for the administrative exhaustion requirement to apply. *Ames*, 170 F.3d at 756, *Gallegos*, 210 F.3d at 808. Here, plaintiff has alleged facts which, if true, excuse him from exhausting the purported administrative exhaustion and internal requirements of the Plan 3000. Dismissal of the action on this ground is denied.

V.

Defendant's motion is granted in part and denied in part. Counts III and IV of plaintiff's claim are dismissed, and Counts I and II are allowed to proceed consistent with this opinion.

ENTER ORDER:

*[signature: Elaine E. Bucklo]*

**Elaine E. Bucklo**
United States District Judge

Dated: May 18th, 2006